Item 5 provides, in substance, that in case testatrix sells certain other real estate, for which she is negotiating, all the .proceeds thereof remaining unexpended or unappropriated at her decease and after payment of all-her debts she directs her •executor to invest, and after payment of all taxes, charges and expenses, he to pay the net income arising therefrom equally to her'said two grandsons, Burt L. Reese and Walter B. Huffman, until they shall each become respectively thirty years of age, then as each becomes thirty years of age, one-half of the principal sum, or one-half of said investment.
In case either or both should die before reaching said age, then his share to go to his lawful children, and in case either should die without lawful issue, or his issue be dead before said grandson would have become thirty years of age, then the share of said deceased grandson to go to the surviving grandson, his heirs and assigns forever. In case she does not sell said real estate before her decease, then said executor to sell the same and invest and hold the proceeds and pay out and dispose of the same as above directed. And he is directed to sell the same either at public or private sale.
Item 6 provides:
*335 “Ail the rest and residue of my estate, both real and personal, except that mentioned in the next item hereof, I give, devise and bequeath to my said grandsons, Burt L. Reese and Walter B. Huffman, share and share alike, to them and to their heirs and assigns forever.”
“Item 7. The real estate situated in Kearney’s Addition to the city of Columbus that I now own and joining same real estate belonging to the estate of my son, Byron W. Reese, I hereby give, devise and bequeath to my grandson, Burt L. Reese. This is intended to include all the real estate I own in said Kearney’s Addition. To said Burt L. Reese and to his heirs and assigns aforesaid, I also give, devise and bequeath to Burt L. Reese, and to his heirs and assigns forever the parcel of land situated on the northwest corner of Atcheson street and Reed avenue, known as the toll-house road.”
Item & nominates and appoints John J. Stoddart executor of her said will, with provision to carry into effect the various provisions and trusts created or mentioned therein. Said will was executed January 16, 1891.
Said testatrix died about February 6, 1891, and her said will was duly admitted to probate.
The question here pertains to- the distribution of money now in the custody of the court of the one-half thereof of said Burt L. Reese, from the sale of the real estate mentioned in item é of said will; said Walter B. Huffman having conveyed his undivided one-half of said real estate to the plaintiff herein, Elmore J. Swerer, the latter, at the expiration of said ten years, petitioned the court for partition of said premises.
In November, 1895, the defendants, Tuller and Hansbrough, recovered a judgment against said Burt L. Reese in this court for the sum of $2,080 and costs. It is contended by said defendants that their said judgment became a valid lien on the undivided one-half of said real estate of said Burt L. Reese from and after the date it was rendered. The execution was issued thereon in November, 1895, and subsequently in April, 1901, an alias execution was caused to be issued on said judgment, and on said day the same was duly levied upon said undivided one-half of said premises. By virtue of said judgment and execution said defendants, Tulle^ and Hansbrough, claim a prior and subsisting lien on said interest of said Reese in said premises.
*336 The defendant, George W. Ball, by his answer and cross-petition, claims that he recovered in this court on September 15, 1895, a judgment against said Burt L. Reese in the sum of $1,050.43 and costs; that on June 8, 1897, he caused execution to be issued upon said judgment, and on April 24, 1901, he caused an alias execution to be issued, and on said day the sheriff duly levied upon said undivided half of said Burt L. Reese in said premises. Said defendant thereby claims a prior and subsisting lien on said real estate.
The defendant, Melville W. Beem, also claims a judgment lien on said premises by reason of 'a judgment recovered against said Burt L. Reese and others for $1,555 on July 25, 1898, and that he caused execution thereon on July 22, 1901.
The defendants, the trustees of the Ohio Wesleyan University, by their answer and cross-petition herein, allege that about January 30, ^1897, for a valuable consideration, they purchased from said Burt L. Reese, by a deed of that date, all his interest in said real estate, and are now the lawful owners of an undivided one-half of said premises. ■
They deny that said judgments became a lien on said real estate prior to the execution and delivery of said deed, and claim that said Reese, at the time said judgments were recovered, had no vested interest in said real estate to which a lien could attach.
The said real estate was sold under an order -of this court on said partition proceedings, and after paying the taxes, costs and the one-half of the residue of the proceeds to plaintiff as assignee of said Walter B. Huffman, there remains about $1,233 now in the custody of the court, being the remainder in money of the one-half devised in said will to said Burt L. Reese.
Burt L. Reese is making no claim to this money, and the only 'question there is whether said trustees of the Ohio Wesleyan University are entitled to said money by reason of said deed as grantees of said Burt L. Reese, or whether said judgments became a lien on said real estate, and thereby take priority over said deed.
A solution of this question depends wholly upon a construction of said will, whether said Reese took a vested estate at the death of said testatrix, or not until the expiration of said period of ten years thereafter.
*337 In the construction of a will, the first and. essential duty of the court is to ascertain, if possible, the intention of the testator. The will must be read and considered in its entirety, with the view that if the intention of the testator can be ascertained therefrom, then such intention must, of course, govern.
While the law favors the immediate vesting of an estate, yet this can not control if from a consideration of the whole will a contingent vesting of the estate was intended by the testator. So the main question first to be considered is whether the intention of said testatrix can be gathered from the will.
There is no doubt but that testatrix has by items 2, 3 and 7 of the will devised and bequeathed to said Burt L. Reese absolutely, personal property, notes and mortgages, and real estate other than that in question. From these items of her will it is apparent that she did not intend as to said grandson to place all the property in trust that she proposed he was to take under her will. Said grandson also is one of the residuary legatees under said will, and under item 7 thereof he takes an immediate vested estate absolutely to him and his heirs forever certain real estate therein specified.
The above provisions are clear, and there is no difficulty in ascertaining testatrix’s intentions as to those items. In said items, other than said item 6, said grandson, Burt L. Reese, is alone named as beneficiary. No other person is to share with him in those bequests. But in items 4 and 5 and 6 he does not share alone in the bequests there made. Another grandson, Walter B. Huffman, is named, and is made beneficiary thereunder equally with said Reese.
The substantial difference between the vesting of the property in items 4 and 5 is that in item 4 the said two grandsons, at the expiration of ten years after testatrix’s death, are if living, to take the real estate specified, while in item 5 they are, if living at the age of thirty years, to take the proceeds then remaining from the sale of the land therein named.
It is with item 4 of said will and the real estate therein devised that we are here especially concerned, but if from reading the whole will any light can be thrown on the intention of testatrix as to the devise made in item 4, then such must be done. Said *338 Walter B. Huffman is named only in said items 4 and 5 and '6; he does not, as does said Reese, take any bequest or devise under-said will other than that placed in trust, unless he took such- as one of the residuary legatees. Hence he takes nothing immediately unless as such residuary legatee, other than the income from the principal thing devised. Under item 4 he is not entitled to the possession of his share of the land until ten years after the death of said testatrix. Under item 5 he is not entitled to possession of this share of the proceeds of sale of the land there mentioned until he reaches the age of thirty years. The trustee must hold and manage said property until said periods of time are reached. That being true as to Huffman, it is likewise true as to Reese, for the provisions as to the one are precisely alike as to the other.
It is contended that, inasmuch as testatrix has elsewhere in her will given absolutely to Reese both real and personal property, that it must be concluded that she could have had no intention to do otherwise than to vest in him an immediate estate under item 4 of the will, and that the trustee was merely to manage said property for the period of ten years for the purpose of receiving and distributing the proceeds therefrom.
This brings us to a consideration of the important question as to whether said trustee takes the legal title to said real .estate under said item of the will. It is true the first paragraph of said item does give, devise and bequeath to said grandsons said real estate, and then qualifies it by reciting “In the following manner,” and says:
“My executor hereinafter named is to have and hold the same in trust for the term of ten years; to collect the rents ■arising therefrom, and out of such rents to pay all taxes, insurance and assessments and repairs thereon, and expenses, and' to pay the net balance of such income equally to my two grandsons aforesaid, or the lawful children of such grandchildren in case of the death of either or both of said grandsons before the expiration of said ten years, and at the expiration of said ten years after my decease my executor shall turn over to my said grandsons, or in case of the decease of either -or both, then to their lawful children, per stirpes, said real estate, and in case of the decease of either of said grandsons before said term of ten years shall have elapsed without lawful issue of said decedent, then the share of said grandsons to go to the surviving grandson and to his heirs and assigns forever.”
*339 It was evidently the intention of said testatrix to provide that the survivor of said two grandsons should take the whole of ‘ said real estate in event either one died before the expiration of said ten years without lawful issue.
True, this is not a bequest of a pecuniary character, for it does not direct a sale and a distribution of the proceeds at a future time. It is a devise of real estate, but under the devise who is to take the real estate at the expiration of the ten years ?
As held in Linton v. Laycock, 33 O. S., 128, if the devise was to one when he arrived at a given age — the intermediate estate being devised to another — then the estate would vest on the death of the testator, and is not defeated by the death of the devisee before the specified age. This is because the words of futurity importing contingency are not necessarily inconsistent with the immediate vesting of the estate, but may be regarded as merely postponing the possession.
In Linton v. Laycock, supra, the devise was the whole of the estate to the widow until the youngest son arrives at the age of twenty-one, when it was to be divided amongst all his children then living, or their heirs.
As the court there say:
“So far as relates to the time of division, it is clear, upon the controlling principle of the foregoing authorities, that the estate must be regarded as having vested in the children of the testator at his death. They then had the right to the estate, although its enjoyment was postponed until the youngest child became of age.”
The court held that there does not appear to have been any intent to postpone the right of his children to an immediate title to the estate, but the postponement of possession was merely to let in an intermediate estate for a term of years to the testator’s wife, which was not inconsistent with a vested right of the children in the remainder.
Is there any provision in said item 4 of Mrs. Huffman’s will to show her intention to postpone the right of said grandchildren to an immediate title to said real estate?
Suppose Burt L. Reese had died before the expiration of the ten years without lawful children, could his widow have taken a dower estate in the land? Or, could he have disposed of it *340 by will? Or, would it have descended to his heirs at law under the laws of descent? I think not. The will provides “and at the expiration of said ten years after my decease my executor shall turn over to my said grandsons, or in case of the decease of either or both, then to their lawful children, per stirpes, said real estate, and in case of the decease of ether of said grandsons before said term of ten years shall have elapsed without lawful issue of said decedent, then the share of such grandsons to go to the surviving grandson and to his heirs and assigns forever. ’ ’
This language certainly can not be misunderstood. It clearly expresses testatrix’s intention that the survivor shall take the title to said land absolutely in event of the death of one or the other without lawful issue. If Burt L. Reese had died before the expiration of the ten years, his lawful children, if he had any, and not his heirs at law, would take his share in this real estate. His widow would not have been entitled to dower therein. If he died without lawful issue, then Walter B. Huffman would have taken the title thereto if he survived until the expiration of said period of time. Under this construction of said will, as to which I am of the opinion there can be no doubt, it can not be determined in whom this real estate will vest until the expiration of said ten years. Consequently said testatrix did not intend that said grandchildren should be vested with an immediate title in said real estate, and intended the trustee fo take the legal title therein.
My opinion, therefore, is that said trustee took the legal title to said real estate to be held by him until the expiration of ten years after the death of said testatrix, and at the expiration of said time he was to turn over to said grandchildren said real estate if both then survived. If either or both did not survive until said period, then said trustee was to turn over said land to the lawful children of said grandchildren, if such they had. If either died without lawful children, then said trustee was tc turn over said land to the survivor who would take the title in the whole thereof absolutely. If both should die without lawful issue, then, in the absence of any provision in said will for such a contingency, said land would descend to the heirs at law of said testatrix.
L. H. Imvis, for plaintiff.
J. T. Holmes, Jr., for defendant.
The fact appears that said Burt L. Reese was alive at the expiration of said ten years, and he and his wife conveyed his interest in said real estate to the trustees of the Ohio Wesleyan University. The title having vested in said Reese at the expiration of said ten years, this deed would convey said title to the university. No lien could attach as to this real estate by reason of said judgment except by levy of executions at the vesting of said title at the expiration of said ten years, consequently said deed would take priority over said judgments.
My finding is therefore in favor of the trustees of the Ohio Wesleyan University, and it is ordered that said .money now in court, the proceeds of the sale of said interest of said Burt L. Reese in said real estate, be paid to the trustees of said university, after payment of the costs herein, which is ordered to be paid out of said money.